T.C. Memo. 2011-199

UNITED STATES TAX COURT

JASON E. PHILLIPS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3108-10.　　　　　　　　Filed August 16, 2011.

Jason E. Phillips, pro se.

<u>Brett Chmielewski</u>, <u>Eric R. Skinner</u>, and Louis F. Meizlish
(student), for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:　Respondent determined a deficiency in
petitioner's Federal income tax (tax) for his taxable year 2007
of $3,007.

The issues for decision for petitioner's taxable year 2007 are:

(1) Is petitioner entitled under section 151(a)[1] to dependency exemption deductions for his two children, EP and RP? We hold that he is not.

(2) Is petitioner entitled to the child tax credit under section 24(a) with respect to EP and RP? We hold that he is not.

(3) Is petitioner entitled to the additional child tax credit under section 24(d) with respect to EP and RP? We hold that he is not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Michigan at the time he filed the petition.

At a time not disclosed by the record, petitioner married Lindsay M. Schouw (Ms. Schouw). They have two children, EP and RP. (We shall sometimes refer collectively to EP and RP as the children.)

On June 29, 2005, petitioner and Ms. Schouw divorced. Pursuant to the judgment of divorce (divorce judgment) that the Family Division of the Circuit Court for the County of Clinton (Clinton Circuit Court) entered, petitioner and Ms. Schouw were

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

awarded joint legal custody of EP and RP.  Ms. Schouw was awarded "physical custody" of them, and petitioner was entitled to "reasonable and liberal parenting time".  The divorce judgment also provided in pertinent part:

<u>SUPPORT</u>

IT IS FURTHER ORDERED AND ADJUDGED that Defendant, Jason Phillips [petitioner], shall pay to the State of Michigan Disbursement Unit for remittance to Plaintiff [Ms. Schouw] for the support of the minor children [EP and RP], monthly support as follows which includes $22.00 monthly child care costs and $36.00 monthly for ordinary health care when there are two [minor] children; and $22.00 per month child care costs and $18.00 per month ordinary health care when there is one [minor] child:

$726.00 per month for two [minor] children
$452.00 per month when one [minor] child remains

On November 29, 2006, the Clinton Circuit Court entered an order regarding parenting time (parenting-time order), the terms of which petitioner and Ms. Schouw had previously stipulated. That order provided that petitioner was to "continue to have reasonable and liberal parenting time" with EP and RP and that the "Parties [petitioner and Ms. Schouw] will change the alternate weekend schedule after the start of 2007, and the change will take place by father having two weekends in a row, and the parties alternating weekends thereafter."  The parenting-time order did not modify the provision in the divorce judgment with respect to support.

As of the end of 2007, both EP and RP were under the age of 19, and neither of them provided over one-half of his own support for that year. Each of EP and RP spent more than one-half of the nights during 2007 with Ms. Schouw and less than one-half of those nights with petitioner.[2]

Ms. Schouw did not at any time waive her right to claim dependency exemption deductions for EP and RP for her taxable year 2007.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for his taxable year 2007 (2007 return). In that return, petitioner claimed with respect to his children, EP and RP, (1) dependency exemption deductions, (2) the child tax credit, and (3) the additional child tax credit. Petitioner did not attach to his 2007 return a written declaration that Ms. Schouw signed in which she waived her right to claim dependency exemption deductions for EP and RP.

Respondent issued to petitioner a notice of deficiency (notice) for his taxable year 2007. In that notice, respondent determined, inter alia, that petitioner is not entitled to (1) dependency exemption deductions, (2) the child tax credit,

---

[2]Petitioner and Ms. Schouw prepared separate summary documents setting forth their respective views regarding the nights during 2007 which EP and RP spent with each of them. According to petitioner, EP and RP spent 180 nights with him and 185 nights with Ms. Schouw during 2007. According to Ms. Schouw, EP and RP spent 177 nights with petitioner and 188 nights with her during 2007.

and (3) the additional child tax credit that he claimed with respect to his children, EP and RP.

## OPINION

Petitioner has the burden of establishing that the determinations in the notice are wrong.[3]  See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Dependency Exemption Deductions

Section 151(a) provides that "the exemptions provided by this section shall be allowed as deductions" to a taxpayer. Section 151(c) provides an exemption for each dependent of the taxpayer, as defined in section 152.

Section 152(a) defines the term "dependent" to mean either a qualifying child or a qualifying relative.

Section 152(c) defines the term "qualifying child" as an individual who satisfies (1) the relationship requirement in section 152(c)(1)(A), (2) the principal-place-of-abode requirement in section 152(c)(1)(B), (3) the age requirement in section 152(c)(1)(C), and (4) the support requirement in section 152(c)(1)(D).

_____

[3]In his pretrial memorandum, petitioner indicated under the heading "BURDEN OF PROOF":  "Jason E. Phillips [petitioner] will provide Documentation to support the number of overnights and the accuracy of the dates on which the over nights took place at Jason E. Phillips' residence in 2007."  Petitioner thus acknowledged in his pretrial memorandum that he has the burden of proof in this case.

As pertinent here, an individual satisfies the relationship requirement if that individual is a child of the taxpayer. Sec. 152(c)(2)(A). As pertinent here, an individual satisfies the age requirement if that individual is under age 19 as of the close of the calendar year in which the taxpayer's taxable year begins. Sec. 152(c)(3)(A)(i). An individual satisfies the principal-place-of-abode requirement if that individual "has the same principal place of abode as the taxpayer for more than one-half of * * * [the taxpayer's] taxable year". Sec. 152(c)(1)(B).

The parties agree that each of EP and RP satisfies the relationship requirement in section 152(c)(1)(A), the age requirement in section 152(c)(1)(C), and the support requirement in section 152(c)(1)(D). The parties also agree that each of the children spent more than one-half of the nights during 2007 with Ms. Schouw and less than one-half of those nights with petitioner.[4] As a result, the parties agree that each of EP and RP does not satisfy the principal-place-of-abode requirement in section 152(c)(1)(B). Nevertheless, petitioner argues on brief: "Is the issue of who receives the dependant [sic] deduction for the 2007 tax year to be decided by who has more overnights? When there are so few days of a difference?"

Petitioner appears to disagree with the requirement that Congress prescribed in section 152(c)(1)(B) to allow a taxpayer a

_____

[4]See *supra* note 2.

dependency exemption deduction for an individual only if, inter alia, the individual has the same principal place of abode as the taxpayer for more than one-half of the taxable year. We are bound to follow the law as Congress wrote it.

On the record before us, we find that each of EP and RP does not satisfy the principal-place-of-abode requirement in section 152(c)(1)(B). On that record, we further find that for petitioner's taxable year 2007 each of EP and RP is not his qualifying child, as defined in section 152(c), and that therefore each of them is not his dependent, as defined in section 152(a)(1).[5]

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of estab-

---

[5]Although the parties do not address whether each of EP and RP is petitioner's qualifying relative, as defined in sec. 152(d), for the sake of completeness, we shall consider that question. On the record before us, we find that petitioner has failed to carry his burden of establishing that for his taxable year 2007 each of the children is his qualifying relative, as defined in sec. 152(d), and that therefore each of them is his dependent, as defined in sec. 152(a)(2). In this regard, we find on that record that petitioner has failed to carry his burden of establishing, inter alia, that the support requirement in sec. 152(d)(1)(C) is satisfied with respect to each of EP and RP for his taxable year 2007.

Respondent, but not petitioner, addresses whether the special rule for divorced parents in sec. 152(e) is applicable in the instant case. On the record before us, we find that the special rule for divorced parents in sec. 152(e) is not applicable here. In this regard, we have found that Ms. Schouw did not at any time waive her right to claim dependency exemption deductions for EP and RP for her taxable year 2007 and that petitioner did not attach to his 2007 return a written declaration that Ms. Schouw signed in which she waived her right to claim dependency exemption deductions for the children.

lishing that he is entitled for his taxable year 2007 to dependency exemption deductions under section 151(a) for EP and RP.

Child Tax Credit

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer. As pertinent here, section 24(c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17." Sec. 24(c)(1).

We have found that each of EP and RP is not petitioner's qualifying child, as defined in section 152(c), for his taxable year 2007. On the record before us, we find that petitioner has failed to carry his burden of establishing that each of the children is his qualifying child, as defined in section 24(c), for his taxable year 2007. On that record, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2007 to the child tax credit under section 24(a) with respect to EP and RP.

Additional Child Tax Credit

The child tax credit provided by section 24(a) may not exceed the taxpayer's regular tax liability. Sec. 24(b)(3). Where a taxpayer is eligible for the child tax credit, but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a),

section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

We have found that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2007 to the child tax credit under section 24(a) with respect to the children.  On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2007 to the additional child tax credit under section 24(d) with respect to EP and RP.

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.