T.C. Memo. 2014-147

UNITED STATES TAX COURT

PATRICK A. DAVIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25645-12.                        Filed July 24, 2014.

Patrick A. Davis, pro se.

<u>Emile Louis Hebert III</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Chief Judge</u>:  Respondent determined a $3,128 deficiency in

petitioner's 2010 Federal income tax and a section 6662(a) accuracy-related

penalty of $626.[1]  Respondent having conceded the penalty, the issues remaining

_____

[1]All section references are to the Internal Revenue Code in effect for the
year at issue, and all Rule references are to the Tax Court Rules of Practice and

(continued...)

**[*2]** for decision are: (1) whether petitioner is entitled to a dependency exemption for his daughter and (2) whether he is entitled to an earned income tax credit.

FINDINGS OF FACT

When he petitioned the Court, petitioner resided in Louisiana. He had two children by his previous marriage to Sandra Johnson Davis, whom he divorced in 1997. A judgment of the 20th Judicial District Court, Parish of East Feliciana, State of Louisiana, entered in 2000 (Louisiana court judgment) gave custody of the two children to their mother.

One of those children, Ashley, turned 19 in 2010. That year she was a full-time student at Southern University in Baton Rouge, studying registered nursing; for about eight weeks between academic semesters she held a job, making slightly more than minimum wage. She received more than half of her financial support from petitioner, her paternal grandmother, her mother, and her maternal grandfather.

In 2010 petitioner and Ashley lived with petitioner's mother (Ashley's grandmother) in Slaughter, Louisiana, about 20 miles from Baton Rouge. Ashley

---

[1](...continued)
Procedure. All monetary amounts are rounded to the nearest dollar.

[*3] had her own room at her grandmother's house, slept there about five nights a week, and ate most of her meals there.

On his 2010 Federal income tax return petitioner claimed Ashley as his dependent and also claimed a $2,726 earned income tax credit.

By notice of deficiency, respondent disallowed the dependency exemption deduction and the earned income tax credit.

OPINION

I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer has the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances, the burden of proof may shift to the Commissioner. See sec. 7491(a). We need not decide whether the burden of proof should shift, because we decide this case on a preponderance of the evidence--particularly petitioner's forthright, credible, and largely undisputed testimony--without reference to the placement of the burden of proof.

II. Dependency Exemption

An individual is allowed a deduction for an exemption for "each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable

**[*4]** year." Sec. 151(c). Section 152(a) defines "dependent" to include "a qualifying child". Generally, a "qualifying child" must: (1) bear a specified relationship to the taxpayer; (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meet certain age requirements; (4) not have provided over one-half of his or her own support for the year in question; and (5) not have filed a joint return (other than a claim for refund) with a spouse. Sec. 152(c)(1). Respondent concedes that Ashley meets the first and last of these requirements but disputes the others.

A. Principal Place of Abode

On the basis of our finding that petitioner and Ashley lived together with his mother in 2010, we conclude that they had the same principal place of abode for more than half of 2010, as required by section 152(c)(1)(B).

The Louisiana court judgment named Ashley's mother as her custodial parent. Apparently for that reason, respondent contends that petitioner was a noncustodial parent in 2010 and so cannot claim Ashley as his qualifying child because he did not attach to his 2010 return a written declaration from Ashley's mother waiving her right to claim Ashley as her dependent, as respondent contends section 152(e) required. Respondent is mistaken. The special rule of section 152(e) is inapplicable because, if for no other reason, in 2010 petitioner

**[\*5]** was in fact Ashley's custodial parent within the meaning of the statute.[2]  A

custodial parent is defined as "the parent having custody for the greater portion of

the calendar year."  <u>See</u> sec. 152(e)(4)(A).  The regulations similarly provide that

the custodial parent is the "parent with whom the child resides for the greater

number of nights during the calendar year".  Sec. 1.152-4(d)(1), Income Tax Regs.

According to the regulations, a child is treated as residing with a parent for a night

if:  (1) the child sleeps at the residence of the parent or (2) if the child sleeps in the

company of the parent when the child does not sleep at a parent's residence.  Sec.

1.152-4(d)(1)(i) and (ii), Income Tax Regs.  Because Ashley resided with

petitioner at her grandmother's house more than half of 2010, petitioner was the

custodial parent and was not required to attach a written declaration to his return.

See <u>Harris v. Commissioner</u>, T.C. Memo. 2014-69, at \*5-\*6.[3]

---

[2]Another requirement for applying the special rule of sec. 152(e) is that "a child receive[] over one-half of the child's support during the calendar year from the child's parents"--a fact neither established nor disproved on this record.  We need not consider this issue further, however, since we have concluded that sec. 152(e) is inapplicable for other reasons, as discussed above.

[3]We are mindful that because Ashley turned 18 before the year at issue, she might have been emancipated under Louisiana law for all of 2010, <u>see</u> La. Civ. Code Ann. art. 29 (2013), and so would have no custodial parent for that year, <u>see</u> sec. 1.152-4(d)(1), Income Tax Regs.  In that event, sec. 152(e) would not apply.  <u>See</u> sec. 1.152-4(g), <u>Example</u> (<u>6</u>), Income Tax Regs.; <u>see also</u> <u>Kaechele v. Commissioner</u>, T.C. Memo. 1992-457.  Because the parties have not raised this

(continued...)

**[*6]** B. Age Requirement

To be a qualifying child, an individual must not have attained age 19 as of the close of the calendar year in which the taxpayer's taxable year begins or else be a student who has not attained age 24 during that same year. Sec. 152(c)(1)(C), (3)(A). In 2010 Ashley turned 19 and was a full-time student at Southern University in Baton Rouge, Louisiana. See sec. 152(f)(2). Accordingly, she meets the age requirement.

C. Support Requirement

We have found that in 2010 Ashley received more than half of her support from family members, including petitioner.

In sum, we conclude and hold that Ashley was petitioner's "qualifying child" for petitioner's 2010 tax year; consequently, he was entitled to the claimed dependency exemption deduction.

III. Earned Income Tax Credit

Subject to various limitations, section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. An "eligible individual" is "any individual who has a qualifying child for the taxable year".

---

[3](...continued) issue, however, and because we dispose of respondent's contentions on other grounds, we need not consider this issue further.

**[*7]** Sec. 32(c)(1)(A)(i).  Section 32(c)(3)(A) defines "qualifying child" to mean "a qualifying child of the taxpayer (as defined in section 152(c) * * *)." Respondent disallowed petitioner's claimed earned income credit solely on the basis of his determination that Ashley was not petitioner's qualifying child. Because we have held that Ashley was petitioner's qualifying child for 2010, it follows that petitioner is entitled to the earned income credit.

To reflect the foregoing and respondent's concession,

<u>Decision will be entered for</u>

<u>petitioner</u>.