T.C. Memo. 2014-192

UNITED STATES TAX COURT

ANTHONY J. HENDRICKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12282-13.                        Filed September 23, 2014.

Anthony J. Hendricks, pro se.

<u>William B. McClendon</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined a $4,343 deficiency in petitioner's

2011 Federal income tax.[1]  The issues remaining for decision are:  (1) whether

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2] petitioner is entitled to a dependency exemption deduction for his minor child, A.R.H.,[2] for the 2011 tax year; and (2) whether A.R.H. is a qualifying child for purposes of the earned income credit and the child tax credit for the 2011 tax year.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioner resided in Tennessee at the time he filed his petition.

Petitioner married Lisa Marie Williams on or about October 26, 1996, in Gainesville, Florida. Petitioner and Ms. Williams had two children as a result of their marriage: A.R.H. born in 1997 and A.H. born in 2004.[3] At a time not established by the record before the Court, Ms. Williams filed a petition for divorce in the Circuit Court, Fourth Judicial Circuit, for Duval County, Florida (circuit court). The circuit court entered a final judgment dissolution of marriage

---

[2]It is the Court's policy to refer to minor children only by their initials. See Rule 27(a)(3).

[3]The record before the Court does not indicate the exact dates of birth for A.R.H. and A.H.

[*3] (final judgment) on February 27, 2007, and sent copies of the final judgment to both petitioner and Ms. Williams.[4]

The final judgment addressed numerous issues, including:  child support, distribution of marital property, and a time-sharing arrangement concerning A.R.H. and A.H.  The final judgment also provided that "primary physical and residential care and control of the parties' two (2) minor children should be placed with * * * [Ms. Williams]".  Regarding the right to claim deductions and credits with respect to A.R.H. and A.H. on petitioner's and Ms. Williams' Federal income tax returns, the final judgment states:

> Commencing with the calendar year 2007, and continuing each and every year thereafter, * * * [Ms. Williams] should be awarded the right to claim the parties' minor child, A.H. born 2004, for purposes of filing Federal Income Taxes.
>
> Likewise, commencing with the calendar year 2007, and continuing each and every year thereafter, * * * [petitioner] should be awarded the right to claim the parties' minor child, A.[R.]H. born 1997, for purposes of filing Federal Income Taxes.
>
> Each party should be ordered to execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

Neither petitioner nor Ms. Williams signed the final judgment.

---

[4]The circuit court's final judgment adopted the February 23, 2007, findings of fact, conclusions of law, and recommendations of a Duval County magistrate.

**[\*4]** In his 2011 Federal income tax return, petitioner reported adjusted gross income of $23,027 and claimed head of household filing status and two dependency exemption deductions. The two dependents petitioner claimed were A.R.H. and his "longtime live-in girlfriend", Rebecca O'Neil. In addition, petitioner claimed A.R.H. as a qualifying child for purposes of the earned income credit and the child tax credit. Petitioner conceded that he was not the custodial parent of A.R.H.

On March 4, 2013, respondent issued to petitioner a notice of deficiency for the 2011 tax year disallowing: (1) the dependency exemption deductions for A.R.H. and Ms. O'Neil; (2) head of household filing status; and (3) the earned income credit and the child tax credit attributable to A.R.H. Petitioner timely filed a petition disputing the determinations in the notice of deficiency.

At trial respondent conceded that petitioner properly claimed a dependency exemption deduction for Ms. O'Neil for 2011. Therefore the only issues remaining for decision are whether petitioner is entitled to claim a dependency exemption deduction for A.R.H. for 2011 and consequently, whether A.R.H. is a qualifying child for purposes of the earned income credit and the child tax credit.

[*5]                                    OPINION

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on the return. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

A taxpayer may claim a dependency exemption deduction for each individual who is a dependent of the taxpayer for the taxable year. Sec. 151(a), (c). A dependent is defined by section 152(a)(1) as including "a qualifying child".

Generally, a minor is treated as the qualifying child of the custodial parent unless the custodial parent releases the claim to the exemption to the noncustodial parent in a written declaration that the noncustodial parent attaches to the noncustodial parent's tax return. Sec. 152(e)(2). The final judgment provides that Ms. Williams is the custodial parent of A.R.H., and petitioner concedes this. Accordingly, our inquiry is to determine whether Ms. Williams made a proper written declaration relinquishing the dependency exemption deduction for A.R.H. to petitioner within the meaning of section 152(e)(2).

**[\*6]** A "[written] declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332." Miller v. Commissioner, 114 T.C. 184, 189 (2000). Form 8332 requires a taxpayer to provide: the name of the child, the name and Social Security number of the noncustodial parent claiming the dependency exemption deduction, the Social Security number of the custodial parent, the signature of the custodial parent, the date of the custodial parent's signature, and the year(s) for which the claims were released.

Section 1.152-4(e)(1)(ii), Income Tax Regs., provides that for a taxable year starting after July 2, 2008, a "court order or decree or separation agreement may not serve as a written declaration." The taxable year in the matter sub judice is 2011. However, section 1.152-4(e)(5), Income Tax Regs., provides that if a written declaration was executed in a taxable year beginning on or before July 2, 2008, we look to the requirements for the form of a written declaration that were in effect at the time the written declaration was executed.

The final judgment was entered by the circuit court on February 27, 2007. Therefore, pursuant to section 1.152-4(e)(5), Income Tax Regs., we must determine whether the final judgment satisfies the requirements of a written declaration that were in effect as of February 27, 2007. As of February 27, 2007,

**[*7]** section 152(e)(2)(A) provided that the noncustodial parent could claim the dependency exemption deduction if "the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year".  The signature requirement is derived from the plain language of section 152(e)(2)(A) in effect at the time the final judgment was entered.  See Swint v. Commissioner, 142 T.C. __, __ (slip op. at 11) (Feb. 24, 2014).

"This Court consistently has held that section 152(e)(2) clearly and unambiguously requires the custodial parent to sign a written declaration releasing the dependency exemption for his or her child to the noncustodial parent." Miller v. Commissioner, 114 T.C. at 193.  "Satisfying the signature requirement is critical to the successful release of the dependency exemption within the meaning of section 152(e)(2)." Id. at 190.  "A State court order that is not signed by the custodial parent does not satisfy the express statutory requirements of section 152(e)(2)(A)." Swint v. Commissioner, 142 T.C. at __ (slip op. at 12) (citing Miller v. Commissioner, 114 T.C. at 196).

Petitioner argues that the final judgment expressly provides him with the right to claim A.R.H. "for purposes of filing Federal [i]ncome [t]axes." Petitioner

**[\*8]** acknowledges that neither he nor Ms. Williams signed the final judgment. However, petitioner argues that the final judgment was "virtually" signed by him and Ms. Williams because they did not file exceptions to the circuit court's adoption of the magistrate judge's February 23, 2007, recommendations. Respondent argues that pursuant to our decision in <u>Swint</u>, the custodial parent (i.e., Ms. Williams) must sign a written declaration to effectively relinquish the dependency exemption deduction for A.R.H. to the noncustodial parent (i.e., petitioner). Because Ms. Williams did not sign the final judgment, respondent argues that petitioner is unable to claim a dependency exemption deduction for A.R.H.

The February 27, 2007, final judgment was not signed by the custodial parent, Ms. Williams. We hold that the final judgment does not satisfy the signature requirement of section 152(e)(2)(A), and therefore petitioner is not entitled to a dependency exemption deduction for A.R.H. for 2011.

Section 32(a)(1) permits an "eligible individual" an earned income credit against that individual's income tax liability. The amount of the credit depends on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children. Sec. 32(b). A "qualifying child" under section 32(b) means a qualifying child of the taxpayer as defined in section 152(c). Sec.

**[\*9]** 32(c)(3)(A).  As held above, A.R.H. is not petitioner's qualifying child for the 2011 tax year.  Accordingly, petitioner is not entitled to an earned income credit attributable to A.R.H. for 2011.

Section 24(a) entitles a taxpayer to a child tax credit for each qualifying child as described in section 152(c).  As held above, A.R.H. is not a qualifying child of petitioner under section 152(c).  Therefore, petitioner is not entitled to a child tax credit for A.R.H. for the 2011 tax year.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.