T.C. Memo. 2015-171

UNITED STATES TAX COURT

DARRYL KEITH STAPLETON, II, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2243-13.                         Filed August 27, 2015.

Darryl Keith Stapleton, II, pro se.

<u>Britton G. Wilson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  Respondent determined a deficiency of $4,010 in petitioner's Federal income tax for 2011.  After concessions, the issues for decision are whether petitioner is entitled to:  (1) dependency exemption

[*2] deductions for his minor children; (2) the earned income credit;[1] (3) the child tax credit; and (4) head of household filing status.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and facts drawn from stipulated exhibits are incorporated herein by this reference. Petitioner resided in Missouri at the time he filed his petition.

Petitioner has two minor children, L.H. and K.H.[2] Petitioner and the children's mother were never married and did not live together during the year in issue. Petitioner and the mother had a verbal agreement that L.H. and K.H. would reside with him every Monday and Wednesday night and every other weekend. As of the time of trial the custody of L.H. and K.H. had not been adjudicated by any court.[3] L.H. and K.H. resided with petitioner for 176 days in 2011.[4] Petitioner

---

[1]Respondent conceded in his pretrial memorandum "that petitioner qualifies for an earned income credit of $179, which was omitted from the notice of deficiency."

[2]For privacy reasons, the Court refers to minor children by their initials. See Rule 27(a)(3). Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (Code), as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]While no court had adjudicated custody of the minor children, on February 2, 2006, the Circuit Court of St. Louis City ordered petitioner to pay child support

(continued...)

[*3] stipulated that the mother was L.H. and K.H.'s custodial parent and that he was their noncustodial parent in 2011.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return (return), for 2011, on which he claimed dependency exemption deductions, the child tax credit, the earned income credit, and head of household filing status in relation to L.H. and K.H. Petitioner did not attach Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, or a similar written statement to the return.

Respondent issued a notice of deficiency to petitioner for 2011 disallowing petitioner's claimed: (1) dependency exemption deductions; (2) earned income credit; (3) child tax credit; and (4) head of household filing status.

---

3(...continued)
for L.H. and K.H. to the mother.

4The parties stipulated that L.H. and K.H. resided with petitioner for 173 days in 2011. Petitioner credibly testified that every time the minor children had either doctor's or dentist's appointments he took them to the appointments and that they resided with him the nights of the appointments. Petitioner submitted documentation of five doctor's or dentist's appointments in 2011. Two of the appointments occurred on dates L.H. and K.H. resided with petitioner under the verbal custody and visitation agreement he had with the mother. The Court finds that the minor children also resided with petitioner on the nights of the three additional appointments for which petitioner provided evidence.

**[*4]**                                                 OPINION

Generally, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on a return. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under certain circumstances the burden of proof as to factual matters shifts to the Commissioner pursuant to section 7491(a). Petitioner did not argue the applicability of section 7491(a), and the record demonstrates that the burden of proof does not shift to respondent with respect to any of the issues in this case because petitioner did not satisfy the requirements of paragraph (2). Accordingly, petitioner bears the burden of proof for all issues in dispute.

I.      Dependency Exemption Deductions

The Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c). Section 152(a) defines a dependent as a qualifying child or a qualifying relative of the taxpayer.

[*5]  To be a taxpayer's qualifying child under section 152(c)(1), an individual must:  (A) bear a specified relationship to the taxpayer; (B) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (C) meet certain age requirements; and (D) have not provided over one-half of his or her own support for the year.

L.H. and K.H. resided with petitioner for 176 days in 2011, less than one-half of the taxable year.  They did not have the same principal place of abode as petitioner under subparagraph (B) of section 152(c)(1) and, therefore, were not his qualifying children under subsection (c) for 2011.

In the case of divorced or separated parents, section 152(e) provides a special rule notwithstanding subparagraph (B) of subsection (c)(1) to determine which parent is entitled to a dependency exemption deduction for a child.  Section 152(e) also applies to parents who were never married.  King v. Commissioner, 121 T.C. 245 (2003).

Generally, a child who is in the custody of one or both of the child's parents for more than one-half of the calendar year and receives more than one-half of his or her support from parents who are divorced or separated or who live apart at all times during the last six months of the calendar year will be considered the qualifying child of the custodial parent.  Sec. 152(e)(1).  Section 152(e)(4)(A)

**[*6]** defines the custodial parent as "the parent having custody for the greater portion of the calendar year." Section 152(e)(4)(B) defines the noncustodial parent as "the parent who is not the custodial parent."

L.H. and K.H. resided with petitioner for 176 days and with the mother for 189 days in 2011. The mother was the minor children's custodial parent for 2011. See sec. 152(e)(4)(A). Petitioner did not challenge that the mother was the custodial parent for 2011; indeed, he stipulated that fact and the fact that he was the minor children's noncustodial parent for 2011.

Pursuant to section 152(e), a child will be treated as a qualifying child of the noncustodial parent rather than of the custodial parent when certain requirements are met. Relevant here is the requirement that "the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year". Sec. 152(e)(2)(A).

"The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332." Miller v. Commissioner, 114 T.C. 184, 189 (2000), aff'd on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). "Form 8332 provides an effective and uniform way for a custodial parent to make

[*7] the declaration required in section 152(e)(2)(A) for the benefit of the noncustodial parent." Armstrong v. Commissioner, 139 T.C. 468, 472 (2012), aff'd, 745 F.3d 890 (8th Cir. 2014).

To be entitled to the dependency exemption deductions for L.H. and K.H. under section 152(e), petitioner must have attached a completed Form 8332 or a similar written statement to the return. He did not do so. Without a Form 8332 or a similar written statement containing the information prescribed by section 152(e)(2), the Court is required to find that petitioner is not entitled to the dependency exemption deductions for L.H. and K.H. for 2011. See Swint v. Commissioner, 142 T.C. 131, 139 (2014).

II. Earned Income Credit

Section 32(a)(1) provides an eligible individual with an earned income credit against the individual's income tax liability, subject to a phaseout in paragraph (2). Section 32(b) prescribes different percentages and amounts used to calculate the credit. The amount of the credit to which an eligible individual is entitled increases if the individual has a qualifying child (as defined in section 152(c) and determined without regard to the special rule for waiver from the custodial parent under section 152(e)). Sec. 32(b), (c)(3).

**[*8]** Because L.H. and K.H. are not petitioner's qualifying children under section 152(c) for the reason stated above, petitioner is not entitled to the entire amount of the earned income credit he claimed for 2011; but he is entitled to the amount respondent conceded.[5]

III.   Child Tax Credit

Subject to limitations, section 24(a) allows a child tax credit with respect to a qualifying child of the taxpayer as described in section 152(c) who has not attained age 17, see sec. 24(c)(1), for whom the taxpayer is allowed a deduction under section 151.  Because L.H. and K.H. are not petitioner's qualifying children under section 152(c) for the reason stated above, petitioner is not entitled to the child tax credit for 2011.

IV.   Head of Household Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household.  As relevant herein, an unmarried individual "shall be considered a head of a household if, and only if" that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "a qualifying child of the individual (as defined in section 152(c) * * *)".  Sec. 2(b)(1)(A)(i).  Because L.H. and K.H. are not

---

[5]See supra note 1.

**[*9]** petitioner's qualifying children under section 152(c) for the reason stated above, petitioner is not entitled to head of household filing status for 2011.

V.   Conclusion

L.H. and K.H. are not petitioner's qualifying children under the Code. Therefore, he is not entitled to dependency exemption deductions, the earned income credit, the child tax credit, or head of household filing status in relation to them.

The Court has considered all arguments made, and, to the extent not mentioned, the Court concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.