T.C. Summary Opinion 2016-36

UNITED STATES TAX COURT

DANIEL L. COOK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28162-13S.                    Filed August 2, 2016.

<u>Steven B. Shea</u>, for petitioner.

<u>Lisa M. Oshiro</u>, for respondent.

SUMMARY OPINION

PUGH, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

On August 26, 2013, respondent determined a deficiency of $3,425 in petitioner's Federal income tax for 2011. Petitioner timely filed a petition for redetermination. The issues for decision are (1) whether petitioner is entitled to a dependency exemption deduction for his son J.M.C. and (2) whether petitioner is entitled to an American Opportunity Credit.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Everett, Washington, in 2011, the year in issue.[2]

Petitioner was divorced from his wife Jennifer Rinaldi in 2000. The couple have two children, J.M.C. and R.L.C., who were ages 22 and 18, respectively, at the close of 2011. From at least 2007 through 2011 J.M.C. attended Washington State University in Pullman, Washington, as a full-time nongraduate student and

_____

[1](...continued)
Court Rules of Practice and Procedure.

[2] Petitioner testified that he lived in Eugene, Oregon, in 2013, when he filed the petition, which is contrary to the stipulation that he lived in Everett then, but that discrepancy has no effect.

lived there during the school year. He also worked at Glacier National Park in Montana for most of summer 2011. J.M.C. went home some weekends and during breaks from school, staying with Ms. Rinaldi for more nights than he stayed with petitioner during 2011.

A Final Order of Child Support (Order) was entered in 2008 and was signed by attorneys for both petitioner and Ms. Rinaldi. The Order stipulated that petitioner and Ms. Rinaldi would split J.M.C.'s college expenses equally and that petitioner would claim dependency exemption deductions for J.M.C. so long as petitioner was current on his child support payments through December 31 of the year for which he was claiming the exemption deduction. A 2014 Amended Arbitration Award showed that petitioner was behind on child support payments from 2010 to 2012.

On his 2011 Form 1040, U.S. Individual Income Tax Return, petitioner claimed head-of-household filing status and claimed a dependency exemption deduction for J.M.C. Petitioner also claimed a $2,500 American Opportunity Credit ($1,000 of which was refundable; $1,500 of which was nonrefundable).

Discussion

## I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer has the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer to Commissioner. Petitioner has not claimed or shown that he meets the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

## II. Dependency Exemption Deduction

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c). To be a dependent, the individual claimed must be either a qualifying child or a qualifying relative. Sec. 152(a).

Generally, a qualifying child must: (1) bear a specified relationship to the taxpayer; (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meet certain age requirements; (4) not have provided over one-half of his or her own support for the year in question; and (5)

not have filed a joint return (other than a claim for refund) with a spouse. Sec. 152(c)(1); Davis v. Commissioner, T.C. Memo. 2014-147.

Respondent conceded that J.M.C. satisfied the first and third criteria.[3] Neither petitioner nor respondent offered any evidence regarding the fourth and fifth requirements. Only the second criterion was contested by either party.

During cross-examination petitioner testified that while the numbers were close, when J.M.C. returned to Everett for weekends and school holidays in 2011, he stayed more nights with Ms. Rinaldi than with petitioner. Other than petitioner's testimony no evidence was presented as to which parent J.M.C. lived with longer during the year. In light of petitioner's testimony, we cannot conclude that J.M.C. and petitioner shared the same residence for more than half the year. Therefore, J.M.C. does not satisfy the "same principal place of abode" requirement of section 152(c)(1)(B). See Phillips v. Commissioner, T.C. Memo. 2011-199 (holding that taxpayer's children did not satisfy the principal place of abode requirement when they resided with him for less than half the year).

---

[3] J.M.C., as petitioner's son, bears a specified relationship to petitioner. See sec. 152(c)(2). J.M.C. was 22 years old and a full-time student during the year in issue, satisfying the sec. 152(c)(3) requirement that the claimed individual be under the age of 19 or a student under the age of 24.

Consequently, J.M.C. is not a qualifying child of petitioner under section 152(c)(1).

Section 152(c)(4)(B) provides a special rule when two parents claiming any qualifying child do not file a joint return. This rule specifies that the child shall be treated as the qualifying child of the parent with whom the child has lived for the longer period during the taxable year, or, if the child has lived with both parents for the same amount of time, the parent with the higher adjusted gross income. Id. On the basis of petitioner's testimony that J.M.C. stayed more nights with Ms. Rinaldi than with petitioner in 2011, J.M.C. is not a qualifying child of petitioner under section 152(c)(4)(B).

Petitioner also cannot show that J.M.C. is a qualifying relative pursuant to section 152(d). Among other requirements, a qualifying relative must have a gross income less than the exemption amount for the calendar year in which such taxable year begins ($3,700 for taxable year 2011). Secs. 151(d), 152(d)(1)(B); Rev. Proc. 2011-12, 2011-2 I.R.B. 297. A taxpayer also must show that he or she provided over one-half of the individual's support for the calendar year in which such taxable year begins. Sec. 152(d)(1)(C). Petitioner has provided no evidence that J.M.C.'s income for the 2011 calendar year was less than $3,700 or that petitioner provided over one-half of J.M.C.'s support for the year. According to

the terms of the Order, petitioner provided at most one-half of J.M.C.'s support (this assumes that J.M.C. had no other means of support, such as income from his summer employment at Glacier National Park). Therefore, J.M.C. cannot be classified as a qualifying relative of petitioner. See Oliver v. Commissioner, T.C. Memo. 2013-117.

In the case of divorced or separated parents, section 152(e) provides special rules to determine which parent is entitled to a dependency exemption deduction for a child. Under section 152(e)(1), a noncustodial parent may claim the child as a dependent only if the child receives over one-half of the child's support for the calendar year from the child's parents and is in the custody of one or both parents for more than one-half of the calendar year. Sec. 152(e)(1)(B). We have held that once a child reaches the age of majority under State law, he is no longer in the custody of either parent for the purposes of section 152(e). See, e.g., Boltinghouse v. Commissioner, T.C. Memo. 2007-324; Ferguson v. Commissioner, T.C. Memo. 1994-114; Kaechele v. Commissioner, T.C. Memo. 1992-457.

Under Washington law, the age of majority is 18. Wash. Rev. Code Ann. sec. 26.28.010 (West 2016). J.M.C. was 22 years old at the close of 2011. Having reached the age of majority in the State of Washington, he was no longer in the custody of either parent. See, e.g., Boltinghouse v. Commissioner, T.C. Memo.

2007-324; sec. 1.152-4(g), Example (6), Income Tax Regs. Therefore, section 152(e) is inapplicable and the general rule of section 152(a) controls.[4] See, e.g., Ferguson v. Commissioner, T.C. Memo. 1994-114; Kaechele v. Commissioner, T.C. Memo. 1992-457.

Since petitioner has failed to show that J.M.C. is either a qualifying child or a qualifying relative, we hold that petitioner is not entitled to a dependency exemption deduction under section 151(c).

III. American Opportunity Credit

For tax year 2011, section 25A provided a variety of tax credits for qualified tuition and related expenses for postsecondary education, including the American Opportunity Credit. See Terrell v. Commissioner, T.C. Memo. 2016-85. Section 25A(f)(1)(A) defines the term "qualified tuition and related expenses" to include tuition and fees for the taxpayer, his spouse, or any dependent of the taxpayer with respect to whom the taxpayer is allowed a deduction under section 151. See Richards v. Commissioner, T.C. Memo. 2013-171.

---

[4] Both parties raised the issue of whether the Order satisfies the requirements of section 152(e)(2) and establishes petitioner's right to claim J.M.C. as a dependent. Because section 152(e) does not apply, we need not address that issue.

Having established that J.M.C. is not petitioner's dependent under section 151, we also hold that petitioner is not entitled to the American Opportunity Credit.[5]  See Rule 142(a).

To reflect the foregoing,

Decision will be entered for

respondent.

---

[5] Respondent mistakenly argued in his pretrial memorandum and at trial that petitioner had claimed the Lifetime Learning Credit for 2011.  Petitioner did not claim this credit, and we therefore do not address it.