T.C. Memo. 2016-206

UNITED STATES TAX COURT

WILLIAM E. LOWE AND TESS LOWE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10858-14.                          Filed November 9, 2016.

William E. Lowe and Tess Lowe, pro sese.

<u>Susan S. Canavello</u> and <u>John K. Parchman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ASHFORD, <u>Judge</u>:  Respondent determined a deficiency of $1,547 in

petitioners' Federal income tax for the 2010 taxable year.[1]  The central issue for

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] decision is whether petitioners are entitled to a dependency exemption deduction for the minor child J.L. for 2010. The answer in turn determines whether petitioners are entitled to a child tax credit for 2010. We resolve these issues in favor of respondent.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioners resided in Louisiana at the time the petition was filed with the Court. Petitioners are husband and wife and were married throughout 2010. Hereafter, references to petitioner in the singular shall denote Tess Lowe.

Petitioner has two children, M.L. and J.L., from a previous marriage to William A. Leon (Mr. Leon).[2] As of the close of 2010, both children were minors.

A consent judgment was entered by a parish district court in Louisiana in 2007 and was signed by attorneys for both petitioner and Mr. Leon. The consent judgment stipulates that petitioner and Mr. Leon were to have joint custody of M.L. and J.L. and that petitioner was designated "the primary custodial parent, subject to reasonable visitation privileges in favor of defendant, William A. Leon",

---

[2]The Court refers to minor children by their initials. See Rule 27(a)(3). The tax treatment of M.L. is not an issue in this case; petitioners did not attempt to claim M.L. as a dependent on their joint Federal income tax return for 2010.

[*3] as specified in the consent judgment, including allowing petitioner and Mr. Leon to agree upon any other visitation privileges. The consent judgment further states that Mr. Leon "has the right to request a review of his ability to claim the minor child, M.L., as a dependent on his annual Federal and State Income Tax Returns, so long as he is current on his support obligation and meets the burden of proof pursuant to the laws." The consent judgment is silent as to the treatment of J.L. for Federal or State income tax purposes.

Petitioners timely filed a joint Federal income tax return for 2010 (joint return). On the joint return petitioners listed J.L. as a dependent, claiming a dependency exemption deduction and a child tax credit and attaching to the joint return a copy of the consent judgment. Petitioners did not include with the joint return a Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent. Although petitioners filed the joint return as having been self-prepared, petitioner testified at trial that her father, who is an accountant but not a tax return preparer, helped prepare the joint return, and he was called as a witness and testified at trial on behalf of petitioners.

Petitioner's father testified that, on the basis of his review of the instructions provided for the Form 1040, U.S. Individual Income Tax Return, for the 2010 taxable year, he considered petitioner to be the noncustodial parent of J.L. for

**[*4]** purposes of preparing the joint return. He further understood that, because petitioner was subject to a court order that went into effect between 1984 and 2009, petitioners could include certain pages from the court order in lieu of a Form 8332 to support their claiming a dependency exemption deduction and a child tax credit for 2010.

Apparently Mr. Leon had also claimed J.L. as a dependent on his 2010 Federal income tax return. As a result of this discrepancy, respondent examined the joint return and proposed to disallow petitioners' claimed dependency exemption deduction and child tax credit. In response, petitioners sent respondent a letter dated March 25, 2013, disagreeing with the proposed adjustments. Petitioners attached the consent judgment to the letter; while they admitted in the letter that J.L. spent "more than six months" out of the 2010 taxable year living with Mr. Leon, they argued that they nonetheless were entitled to claim J.L. as a dependent because of the consent judgment's recognition of petitioner as the "primary custodial parent".

On February 18, 2014, respondent mailed petitioners a notice of deficiency for the 2010 taxable year disallowing the dependency exemption deduction and (as a corollary thereof) the child tax credit. Petitioners timely filed a petition with this Court disputing the disallowances. Their petition, which is a letter dated May 6,

**[*5]** 2014, is in all respects identical to their March 25, 2013, letter, except that contrary to the earlier letter, petitioners assert that J.L. spent "approximately six months" out of the 2010 taxable year living with Mr. Leon. Petitioner explained this discrepancy at trial by testifying that she was not actually sure how much time J.L. had spent with her or with Mr. Leon because she had an informal arrangement with Mr. Leon and did not keep track.

OPINION

I.   Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Tax deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed. Segel v. Commissioner, 89 T.C. 816, 842 (1987). Petitioners do not contend that the burden of proof should shift to respondent under section 7491(a), nor have they established that the requirements for shifting the burden of proof have been met. Accordingly, the burden of proof remains on petitioners. See sec. 7491(a)(2).

**[*6]** II.     Dependency Exemption Deduction

Section 151(c) authorizes a taxpayer to deduct an "exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year."  For the 2010 taxable year the "exemption amount" was $3,650. Rev. Proc. 2009-50, 2009-45 I.R.B. 617.  Section 152(a) defines a "dependent" as either a "qualifying child" or a "qualifying relative" of the taxpayer.  This requirement is stated in the disjunctive, and thus satisfaction of either the qualifying child requirement or the qualifying relative requirement permits a taxpayer to claim the individual as a dependent.  Sheikh v. Commissioner, T.C. Memo. 2010-33, slip op. at 5.

A.     Qualifying Child

To be a "qualifying child", the child must:  (1) bear a specified relationship to the taxpayer (e.g., be the child of the taxpayer); (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meet certain age requirements; (4) not have provided over one-half of his or her own support for the year at issue; and (5) not have filed a joint return for the year.  Sec. 152(c)(1); Davis v. Commissioner, T.C. Memo. 2014-147, at *5.  The parties dispute only the second criterion in this case.

**[\*7]**   Petitioners have not presented any evidence other than petitioner's self-serving testimony regarding J.L.'s residence during 2010, and that testimony was ambiguous at best.  Petitioner conceded at trial that she could not recount J.L.'s specific whereabouts at any point in 2010 or conclusively say that J.L. actually spent more than six months living with petitioners during that year.  Further, petitioner did not dispute the authenticity or veracity of petitioners' March 25, 2013, letter sent to respondent during the course of respondent's examination of the joint return, in which petitioners acknowledged that J.L. did not reside with them for more than six months during 2010.  The testimony of petitioner's father, who helped prepare the joint return, corroborated this point.

Petitioners rely primarily on the consent judgment of the Louisiana parish district court entered in 2007 to prove that J.L. was petitioner's qualifying child for 2010, making much hay of the fact that petitioner "is designated the primary custodial parent" in the document.[3]  But as we have consistently held, a taxpayer's eligibility for deductions is determined under Federal law--specifically, the

---

[3]By the same token, petitioners also rely on the document to support their contention that they are entitled to claim J.L. as a dependent because petitioner was the noncustodial parent of J.L. in 2010 and the document serves as the requisite "written declaration" under the special rule for divorced (or legally separated) parents in sec. 152(e)(2). See discussion of sec. 152(e)(2) infra pp. 9-13.

[*8] express terms of the Internal Revenue Code--and State courts cannot bind the Commissioner to any particular treatment of a taxpayer.  See Shenk v. Commissioner, 140 T.C. 200, 206 (2013).[4]  On the basis of the evidentiary record before us, we cannot conclude that J.L. resided with petitioners for more than six months in 2010 and thus that J.L. meets the "principal place of abode" requirement of section 152(c)(1)(B).  See Phillips v. Commissioner, T.C. Memo. 2011-199, slip op. at 7.  Consequently, J.L. is not the qualifying child of petitioner for 2010.

B.     Qualifying Relative

To be a "qualifying relative", the individual must:  (1) bear a specified relationship to the taxpayer (e.g., be the child of the taxpayer); (2) not have gross income for the year at issue in excess of the exemption amount; (3) receive more than one-half of his financial support from the taxpayer; and (4) not be a qualifying child of the taxpayer or any other person.  Sec. 152(d)(1); Sheikh v. Commissioner, slip op. at 6-7.

Petitioners have not established that J.L. is not a qualifying child of any other taxpayer for 2010 (e.g., Mr. Leon).  Indeed, as indicated supra, the

_____

[4]Even though petitioner may be designated the custodial parent under Louisiana law for receiving child support and other divorce-related purposes, petitioners in any event have failed to substantiate that petitioner was the custodial parent of J.L. for 2010 for purposes of sec. 152.  See discussion infra pp. 9-10.

**[\*9]** evidentiary record establishes that J.L. was the qualifying child of Mr. Leon for 2010.[5]  Consequently, we cannot find that J.L. was a qualifying relative of petitioner for 2010.

> C.     Special Rule for Divorced Parents

Notwithstanding the "principal place of abode" requirement of section 152(c)(1)(B), the so-called tie-breaking rule of section 152(c)(4), or the "support" requirement of section 152(d)(1)(C), the Internal Revenue Code prescribes a special mechanism whereby in the case of a child whose parents are legally separated or divorced (as in this case), the noncustodial parent may be entitled to a dependency exemption deduction for the child.  Sec. 152(e).  When parents are legally separated or divorced, section 152(e)(1) generally awards the dependency exemption deduction to the "custodial parent", defined as "the parent having custody [of the child] for the greater portion of the year."  Sec. 152(e)(4)(A); see also Maher v. Commissioner, T.C. Memo. 2003-85, slip op. at 10 (stating that the Tax Court has repeatedly looked to where the child resided to determine which parent had physical custody for purposes of section 152(e)(1)) (and cases cited therein); sec. 1.152-4(d)(1), Income Tax Regs.  The "noncustodial parent" is

---

[5]Additionally, no evidence was offered in any event by either party regarding the third requirement of sec. 152(d)(1) (i.e., that petitioners provided over one-half of J.L.'s support for 2010).

**[\*10]** defined as "the parent who is not the custodial parent." Sec. 152(e)(4)(B); see also sec. 1.152-4(d)(1), Income Tax Regs.

We find that petitioner was the noncustodial parent of J.L. for 2010. At trial petitioner admitted that she did not keep a record of the amount of time J.L. spent between petitioners' home and Mr. Leon's home. She also admitted that J.L. may have spent the greater part of 2010 living with Mr. Leon. Such admissions are consistent with the testimony of petitioner's father that he considered petitioner to be the noncustodial parent of J.L. for 2010, as well as petitioners' statements in the March 25, 2013, letter sent to respondent during respondent's examination of the joint return.

Section 152(e)(2) provides for an exception to the above general rule, treating the child as the qualifying child of the noncustodial parent and allowing that parent to claim the dependency exemption deduction for the child if two conditions are met: (1) the custodial parent signs a "written declaration (in such manner and form as * * * [the Commissioner] may by regulations prescribe)", stating that he or she will not claim such child as a dependent for the year at issue, and (2) the noncustodial parent attaches such written declaration to his or her return. Sec. 152(e)(2)(A) and (B).

**[*11]** Section 1.152-4(e)(1)(i), Income Tax Regs., provides that the written declaration must be an "unconditional release" of the custodial parent's claim to the child as a dependent. See also Armstrong v. Commissioner, 139 T.C. 468, 472 (2012), aff'd, 745 F.3d 890 (8th Cir. 2014). "A declaration is not unconditional if the custodial parent's release of the right to claim the child as a dependent requires the satisfaction of any condition, including the noncustodial parent's meeting of an obligation such as the payment of support." Sec. 1.152-4(e)(1)(i), Income Tax Regs. The declaration also must "name the noncustodial parent to whom the exemption is released" and "specify the year or years for which it is effective." Id.

Section 1.152-4(e)(1)(ii), Income Tax Regs., provides that to constitute a sufficient written declaration, the noncustodial parent's statement must either be made on a Form 8332 or "conform to the substance of that form" and be "executed for the sole purpose of serving as a written declaration under * * * [section 152(e)]." Specifically, any conforming written declaration must include at least the same information as a Form 8332: the name and Social Security number of the child, the year or years for which the claim is being released, and the dated signatures and Social Security numbers of both parents. See Miller v. Commissioner, 114 T.C. 184, 190 (2000); Hendricks v. Commissioner, T.C. Memo. 2014-192, at *6.

**[*12]** Section 1.152-4(e)(1)(ii), Income Tax Regs., further provides that "[a] court order or decree or a separation agreement may not serve as a written declaration." However, an exception is provided for declarations (including court orders or decrees) executed in a taxable year before July 2, 2008, allowing such declarations to still be effective if they substantially comply with the requirements in effect for written declarations at the time they were executed.[6] Id. subpara. (5); see Swint v. Commissioner, 142 T.C. 131, 133-136 (2014).

It is undisputed that petitioners did not include a Form 8332 with the joint return. Instead, petitioners contend that the consent judgment constitutes a written declaration by J.L.'s putative custodial parent, Mr. Leon, satisfying the requirements of section 152(e)(2). While the consent judgment was attached to the joint return, because it is a court order, in order to qualify for the exception under section 1.152-4(e)(5), Income Tax Regs., it must comply with the statutory requirements in effect for 2007 (the year in which it was executed). As indicated supra, the declaration must have the dated signatures of the parents, specify the year or years for which the claim is being released, and unconditionally state that the custodial parent will not claim the child as a dependent for the particular year

---

[6]The statutory requirements in effect for the 2007 taxable year (the year in which the consent judgment was entered) were the same as in effect for the 2010 taxable year, which are set forth supra p. 11.

[*13] or years.  Because the consent judgment does not even address the tax treatment of J.L. at all, it cannot satisfy these requirements.[7]  See, e.g., Loffer v. Commissioner, T.C. Memo. 2002-298, slip op. at 6 (decree stating that divorcing parents may split exemptions for their two children held insufficient because it did not specify which child each parent would claim).  Consequently, petitioners are not entitled to a dependency exemption deduction under section 151 for J.L. for the 2010 taxable year.

III.    Child Tax Credit

A taxpayer is entitled to a child tax credit if the taxpayer is allowed a dependency exemption deduction for a qualifying child under section 151 and the child has not reached the age of 17.  Sec. 24(a), (c)(1).  For the reasons discussed supra, because petitioners are not entitled to a dependency exemption deduction for J.L. for the 2010 taxable year, they are also not entitled to a child tax credit for that year.  See Stapleton v. Commissioner, T.C. Memo. 2015-171, at *8.

---

[7]Although the tax treatment of M.L. is not at issue here, the consent judgment would not meet the requirements for constituting an effective declaration for M.L. either, because it conditions M.L.'s tax treatment on Mr. Leon's payment of child support and review thereof by the Louisiana parish district court.

**[*14]** IV.    <u>Conclusion</u>

As indicated, it is the Internal Revenue Code which ultimately governs whether a taxpayer is entitled to a Federal income tax deduction, and the Internal Revenue Code is strict in allowing such deductions.  While we acknowledge and are sympathetic to petitioners' situation, the applicable law as written is clear, and it is our role to apply the law as written.  <u>See</u> <u>Michaels v. Commissioner</u>, 87 T.C. 1412, 1417 (1986); <u>Eanes v. Commissioner</u>, 85 T.C. 168, 171 (1985).  On the record before us, we sustain respondent's determinations.

We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.