T.C. Memo. 2017-175

UNITED STATES TAX COURT

DEVIN GLENN SEELIGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3969-16.                     Filed September 11, 2017.

Devin Glenn Seeliger, pro se.

<u>Cameron M. Johnston</u> and <u>H. Elizabeth H. Downs</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency in petitioner's

2013 Federal income tax of $1,585.[1]  The issues for decision are whether

_____

   [1] Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

**[*2]** petitioner is entitled to: (1) a dependency exemption deduction with respect to his minor daughter, M.R.S.,[2] (2) the child tax credit, and (3) head of household filing status.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Texas when he filed his petition.

Petitioner has one child, M.R.S., from his marriage to Dawn Lutz. Petitioner and Ms. Lutz divorced in January 2006. A provision in petitioner's divorce decree allows him to claim a dependency exemption deduction on behalf of M.R.S. for odd years provided that he makes all court-ordered child support payments. Petitioner did not claim a dependency exemption deduction for 2007, 2009, or 2011.

M.R.S. was still a minor as of the close of 2013. That year Ms. Lutz had custody of M.R.S., who lived with her for more than one-half of the year. Petitioner made all his court-ordered child support payments.

---

[2] It is the policy of the Court to refer to a minor by her initials. See Rule 27(a)(3).

**[*3]** Petitioner timely filed electronically an individual income tax return for 2013, claiming head of household filing status, a child tax credit, and a dependency exemption deduction with respect to M.R.S., in accordance with his divorce decree. Petitioner did not contact Ms. Lutz to ask her to release her dependency exemption for 2013. Consequently, petitioner did not obtain a signed Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, or any other written release that he could attach to his 2013 return.

On November 27, 2015, respondent issued a notice of deficiency disallowing petitioner's dependency exemption deduction, head of household filing status, and child tax credit. Petitioner timely petitioned this Court for redetermination.

OPINION

I.  Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of

**[*4]** proving that the determination is incorrect.[3] Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

II.     <u>Dependency Exemption Deduction</u>

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152. A dependent is either a "qualifying child" or a "qualifying relative". Sec. 152(a). The requirement is disjunctive, and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent. <u>Konrad v. Commissioner</u>, T.C. Memo. 2010-179.

A.     <u>Qualifying Child</u>

To be considered a qualifying child of the taxpayer, the child must (among other things) have the same principal place of abode as the taxpayer for more than one-half of the taxable year. <u>See</u> sec. 152(c)(1)(B).

M.R.S. resided with Ms. Lutz during all of 2013. Thus, M.R.S. did not have the same principal place of abode as petitioner for more than one-half of the

---

[3] Sec. 7491(a) shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if the taxpayer meets certain preliminary conditions. <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 442-443 (2001). Petitioner does not contend that sec. 7491(a) should shift the burden here, and the record establishes that he has not satisfied that section's requirements. Consequently, petitioner bears the burden of proof as to any disputed factual issue. <u>See</u> Rule 142(a).

[*5] taxable year and is not petitioner's qualifying child under section 152(c). <u>See</u> sec. 152(c)(1)(B).

## B. Qualifying Relative

For a family member to be a qualifying relative, the taxpayer must show (among other factors) that she or he provided over one-half of that person's support for the taxable year and that the individual was not a qualifying child of the taxpayer or of any other taxpayer for the taxable year. Sec. 152(d)(1)(C) and (D).

Petitioner has not substantiated the amount of M.R.S.' support from all sources in 2013 and therefore has not established that he provided over one-half of her support. In addition, petitioner has not established that M.R.S. was not a qualifying child of any other taxpayer (e.g., Ms. Lutz) for 2013. <u>See</u> sec. 152(d)(1)(D). M.R.S., therefore, is not petitioner's qualifying relative under section 152(d).

## C. Special Rule for Divorced Parents

Notwithstanding the "principal place of abode" requirement of section 152(c)(1)(B), the so-called tie-breaking rule of section 152(c)(4), or the "support" requirement of section 152(d)(1)(C), the Code prescribes a special mechanism whereby in the case of a child whose parents are legally separated or divorced (as

**[\*6]** in this case), the noncustodial parent may be entitled to a dependency exemption deduction for the child.  <u>See</u> sec. 152(e).  When parents are legally separated or divorced, section 152(e)(1) generally awards the dependency exemption deduction to the "custodial parent", defined as "the parent having custody [of the child] for the greater portion of the calendar year."  Sec. 152(e)(4)(A); <u>see also</u> <u>Maher v. Commissioner</u>, T.C. Memo. 2003-85, slip op. at 10 (stating that the Tax Court has repeatedly looked to where the child resided to determine which parent had physical custody for purposes of section 152(e)(1)) (and cases cited thereat); sec. 1.152-4(d)(1), Income Tax Regs.  The "noncustodial parent" is defined as "the parent who is not the custodial parent."  Sec. 152(e)(4)(B); <u>see also</u> sec. 1.152-4(d)(1), Income Tax Regs.

Section 152(e)(2) provides for an exception to the above general rule, treating the child as the qualifying child or qualifying relative of the noncustodial parent and allowing that parent to claim the dependency exemption deduction for the child if two conditions are met:  (1) the custodial parent signs a "written declaration (in such manner and form as * * * [the Commissioner] may by regulations prescribe)", stating that he or she will not claim such child as a dependent for the year in issue and (2) the noncustodial parent attaches such written declaration to his or her return.  Sec. 152(e)(2).

**[*7]** The written declaration requirement may be satisfied by attaching Form 8332 to the return. Allred v. Commissioner, T.C. Memo. 2014-54. A written declaration not on a Form 8332 must conform to the substance of that form.[4] Sec. 1.152-4(e)(1)(ii), Income Tax Regs.

In order for a document to comply with the substance of Form 8332 and ultimately section 152(e)(2)(A), the document must contain a custodial parent's declaration that he or she "will not claim" the child as a dependent for a taxable year.[5] Armstrong v. Commissioner, 139 T.C. 468, 472 (2012), aff'd, 745 F.3d 890 (8th Cir. 2014). This statement must be unconditional. See Gessic v. Commissioner, T.C. Memo. 2010-88; Thomas v. Commissioner, T.C. Memo. 2010-11; Boltinghouse v. Commissioner, T.C. Memo. 2003-134; Horn v. Commissioner, T.C. Memo. 2002-290. Court orders, decrees, and separation agreements executed in a tax year beginning after July 2, 2008, do not qualify.

---

[4] Form 8332 requires a taxpayer to furnish (1) the name of the child for whom the exemption claim was released; (2) the year or years for which the claims were released; (3) the signature of the custodial parent confirming his or her consent; (4) the Social Security number of the custodial parent; (5) the date of the custodial parent's signature; and (6) the name and the Social Security number of the parent claiming the exemption. See Miller v. Commissioner, 114 T.C. 184, 190 (2000), aff'd sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).

[5] A custodial parent accomplishes this on Form 8332 with the following statement: "I agree not to claim an exemption for * * * for the tax year".

**[\*8]** Sec. 1.152-4(e)(1)(ii), (5), Income Tax Regs. Such documents executed on or before that date may qualify if they satisfy the written declaration requirements in effect when they were executed. Swint v. Commissioner, 142 T.C. 131, 135 (2014); sec. 1.152-4(e)(5), Income Tax Regs.

Petitioner did not attach a Form 8332 or an equivalent written declaration to his 2013 return. During trial petitioner admitted he did not obtain a Form 8332 or any other written statement from the custodial parent because of the "lack of communication". Petitioner testified that he claimed a dependency exemption deduction for M.R.S. on his 2013 return because, under his divorce decree, he could do so for odd-numbered years. However, he was not aware that he was required to attach a Form 8332 or an equivalent written declaration to his tax return.

Although petitioner may have been entitled to the disputed dependency exemption deduction under his divorce decree, it is the Code and not State court orders that determines one's eligibility to claim a deduction for Federal income tax purposes. Shenk v. Commissioner, 140 T.C. 200, 206 (2013). As the noncustodial parent, petitioner does not meet the Code's criteria for claiming the disputed dependency exemption deduction because he did not attach the required

**[*9]** written declaration to his 2013 tax return.[6]  Thus, M.R.S. may not be treated as petitioner's qualifying child or qualifying relative by nature of section 152(e).

Accordingly, the Court finds that M.R.S. is not petitioner's qualifying child or qualifying relative under section 152(e), and therefore he is not entitled to the dependency exemption deduction for her.

### III.    Child Tax Credit

A taxpayer may claim a child tax credit for "each qualifying child" for which a taxpayer is allowed a deduction under section 151.  Sec. 24(a).  A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17.  Sec. 24(c)(1).

Because we have determined that M.R.S. is not petitioner's qualifying child, it follows that petitioner is not entitled to the child tax credit for M.R.S.

### IV.    Head-of-Household Filing Status

Section 1(b) prescribes a relatively favorable tax schedule for a taxpayer who qualifies as a "head of household".  Section 2(b) defines a head of household,

---

[6] Even if petitioner had attached his divorce decree to 2013 his tax return, we would reach the same conclusion.  Under the decree, petitioner's entitlement to the dependency exemption deduction was conditioned on his payment of child support for the year.  The decree, therefore, does not conform to the substance of Form 8332 or satisfy the requirements of sec. 152(e)(2).  See Boltinghouse v. Commissioner, T.C. Memo. 2003-134 (only an unconditional release conforms to the substance of Form 8332 and meets the requirements of sec. 152(e)(2)).

**[*10]** as relevant herein, as an individual taxpayer who: (1) is unmarried as of the close of the taxable year and is not a surviving spouse; and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of (a) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e)), or (b) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. See Rowe v. Commissioner, 128 T.C. 13, 16-17 (2007).

As previously discussed, M.R.S. was not petitioner's qualifying child within the meaning of section 152(c) for 2013. Nor was petitioner otherwise entitled to a dependency exemption deduction for M.R.S. under section 151. Consequently, petitioner does not qualify for head of household filing status for the 2013 tax year.

We are not unsympathetic to petitioner's position. We realize that the statutory requirements may seem to work harsh results to taxpayers, such as petitioner, who are current in their child support obligations and who are entitled to claim the dependency exemption deductions or child tax credits under the terms of a divorce decree. However, we are bound by the statute as it is written and the accompanying regulations when consistent therewith. Michaels v. Commissioner,

**[*11]** 87 T.C. 1412, 1417 (1986); Brissett v. Commissioner, T.C. Memo. 2003-310.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.