T.C. Memo. 2019-106

UNITED STATES TAX COURT

MARK GERALD SKITZKI, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10031-17.                          Filed August 21, 2019.

Mark Gerald Skitzki, pro se.

<u>Emly B. Berndt</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Respondent determined a deficiency of $2,312 with respect to petitioner's 2014 Federal income tax.  The issues for decision are whether petitioner is entitled to:  (1) a dependency exemption deduction under

[*2] section 151(a) and (c)[1] with respect to his minor child, AS;[2] (2) head of household filing status under sections 1(b) and 2(b); (3) a child tax credit and an additional child tax credit under section 24(a) and (d), respectively; and (4) an earned income tax credit under section 32(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and its exhibits are incorporated herein. Petitioner resided in Ohio when he filed the petition.

During the year at issue petitioner had one minor child, AS, from his marriage to Cynthia Santucci-Skitzki. AS was 11 years old in 2014. Petitioner and Ms. Santucci-Skitzki separated in June 2003. On March 11, 2005, they entered into a "Plan for Shared Parenting" (Plan). The Plan established periods in which AS would reside with each parent by reference to a standard order of a State court that is not in the record. The Plan further provided that petitioner was entitled to claim AS as a dependent "for income tax purposes" for even years commencing

---

[1]Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]It is the policy of the Court to refer to a minor by his or her initials. See Rule 27(a)(3).

**[*3]** with the 2004 taxable year and that Ms. Santucci-Skitzki was so entitled for the 2005 taxable year and odd years thereafter.

Petitioner and Ms. Santucci-Skitzki divorced on February 3, 2006, pursuant to a divorce decree entered by a State court. The divorce decree provided that AS would reside with petitioner for two weekends per month, on a weekday if petitioner was in Ohio,[3] for three weeks in the summer when AS reached age three, and for four weeks in the summer when AS reached age four. The divorce decree further provided that petitioner "shall take" AS as a dependent "for federal/state tax purposes" for odd years commencing with the 2005 taxable year and that Ms. Santucci-Skitzki "shall take" AS as a dependent for even years commencing with 2006. Finally, the divorce decree provided that both petitioner and Ms. Santucci-Skitzki were AS' "residential parent and legal custodian".

On August 26, 2009, the State court issued a "Temporary Parenting Time Schedule", which provided that AS would reside with petitioner every other week and every other holiday. However, approximately four months later on December 23, 2009, the State court modified the parenting time schedule to provide that AS would reside with petitioner 6 out of every 14 nights during the school year and every other week during the summer. Petitioner concedes that,

---

[3]Petitioner was residing in Connecticut at this time.

[*4] pursuant to this arrangement, Ms. Santucci-Skitzki "ha[d] custody" of AS for more than one-half of 2014. Respondent concedes that petitioner provided more than one-half of AS' support for 2014.

Petitioner claimed AS as a dependent for the 2008, 2010, and 2012 taxable years.

Petitioner timely filed his Federal income tax return for 2014, reporting adjusted gross income of $20,615 and claiming a dependency exemption deduction with respect to AS, head of household filing status, a child tax credit, an additional child tax credit, and an earned income tax credit. Petitioner did not attach to his 2014 return, or otherwise submit, a Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, signed by Ms. Santucci-Skitzki. Ms. Santucci-Skitzki also claimed a dependency exemption deduction with respect to AS on her Federal income tax return for 2014, and there is no evidence that she has filed an amended Federal income tax return for that year.

Respondent issued a notice of deficiency disallowing petitioner's dependency exemption deduction, head of household filing status, child tax credit, additional child tax credit, and earned income tax credit. Petitioner timely petitioned this Court for redetermination.

**[*5]**                                        OPINION

I.     Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving error in the determinations.  See Rule 142; Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioner has not claimed or shown eligibility for a shift in the burden of proof under section 7491(a), and in any event our findings are based on a preponderance of the evidence and do not depend upon any allocation of the burden of proof.  See Blodgett v. Commissioner, 394 F.3d 1030, 1039 (8th Cir. 2005), aff'g T.C. Memo. 2003-212; Knudsen v. Commissioner, 131 T.C. 185, 188-189 (2008), supplementing T.C. Memo. 2007-340.

II.    Dependency Exemption Deduction

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152.  A dependent is either a "qualifying child" or a "qualifying relative".  Sec. 152(a).  The requirement is disjunctive; an individual satisfying either the qualifying child requirement or the qualifying relative requirement may be claimed as a dependent.  Konrad v. Commissioner, T.C. Memo. 2010-179.

**[*6]**  A.     Qualifying Child

To be a qualifying child of a taxpayer for a taxable year, an individual must (1) satisfy a relationship test (which a child of the taxpayer satisfies), (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year (the residence test), (3) be younger than the taxpayer and not have attained the age of 19 by the close of the taxable year (or the age of 24 in the case of a student), (4) have not provided over one-half of his or her own support for the taxable year, and (5) not have filed a joint return with his or her spouse for the taxable year. Sec. 152(c)(1)-(3).  Our caselaw has counted a child's nights spent with a parent in determining whether the child had the same principal place of abode as that parent for more than one-half of the taxable year for purposes of section 152(c)(1)(B). See Stapleton v. Commissioner, T.C. Memo. 2015-171; Phillips v. Commissioner, T.C. Memo. 2011-199.[4]

The parties have stipulated that AS resided with petitioner for 6 out of every 14 nights during the school year and for alternating weeks during AS' 16-week school break in the summer.  Pursuant to this arrangement, AS spent more than

_____

[4]Proposed regulations published in January 2017 would do the same, providing that the determination of whether a child has the same principal place of abode as the taxpayer for the purpose of sec. 152(c)(1)(B) is based upon the number of nights during the year that the child stays overnight at the taxpayer's dwelling or, if elsewhere, in the company of the taxpayer.  See sec. 1.152-4(c)(1), (3), Proposed Income Tax Regs., 82 Fed. Reg. 6386 (Jan. 19, 2017).

[*7] one-half of the nights in 2014 with Ms. Santucci-Skitzki rather than petitioner. As a consequence, AS did not have the same principal place of abode as petitioner for more than one-half of 2014, and for that reason AS is not petitioner's qualifying child for that year.  See sec. 152(c)(1)(B).

B.    Qualifying Relative

An individual who is a family member of the taxpayer may be the qualifying relative of the taxpayer if, for the year at issue, the taxpayer provided over one-half of the individual's support, the individual's gross income was less than the section 151(d) exemption amount ($3,950 for 2014), and the individual was not the qualifying child of the taxpayer or of any other taxpayer.  See sec. 152(d)(1); Rev. Proc. 2013-35, sec. 3.23(1), 2013-47 I.R.B. 537, 542.[5]  As discussed above, AS was not the qualifying child of petitioner.  However, AS was the qualifying child of Ms. Santucci-Skitzki because he satisfied each element of the qualifying child definition with respect to her for 2014.  He was her child, had not attained the age of 19 in 2014,[6] did not provide over one-half of his own support for 2014,[7] did not

---

[5]An individual who is not a family member may also be a qualifying relative of a taxpayer if he or she has the same principal place of abode as the taxpayer and is a member of the taxpayer's household.  See sec. 152(d)(2)(H).

[6]It is evident that, as Ms. Santucci-Skitzki's child, AS was younger than she.

[7]Respondent concedes that petitioner provided more than one-half of AS'

(continued...)

[*8] file a joint Federal income tax return for 2014,[8] and--critical to this case--had the same principal place of abode as Ms. Santucci-Skitzki for more than one-half of 2014, given the stipulated schedule of where he stayed overnight. Because AS was a qualifying child of Ms. Santucci-Skitzki for 2014, he was not the qualifying relative of petitioner for that year. See Seeliger v. Commissioner, T.C. Memo. 2017-175, at *5.

C.    Special Rule for Divorced Parents

Notwithstanding the residence requirement of section 152(c)(1)(B) or the support requirement of section 152(d)(1)(C), section 152(e) provides a special rule for parents who are divorced, separated, or living apart, under which a child can be treated as the qualifying child or qualifying relative of the parent with whom the child does not share the same principal place of abode for more than one-half the year or from whom the child does not receive more than one-half of his or her support. The special rule applies so long as one or both of the parents together had custody of the child for more than one-half of the calendar year and the child's parents provided more than one-half of the child's support during the year. Sec. 152(e)(1). Assuming the foregoing conditions are satisfied, a child is treated as the

---

[7](...continued)
support for 2014.

[8]We are satisfied that as an 11-year-old, AS almost certainly did not do so.

[*9] qualifying child or qualifying relative of the "noncustodial parent" if the "custodial parent" signs a written declaration that he or she will not claim the child as a dependent for the taxable year at issue and the "noncustodial parent" attaches the declaration to his or her return for that year. Sec. 152(e)(2).

The "custodial parent" for this purpose is "the parent having custody for the greater portion of the calendar year." Sec. 152(e)(4)(A). The regulations provide greater particularity to this definition, by equating custody with the nights on which the child resides with the parent. Specifically, section 1.152-4(d)(1), Income Tax Regs., provides: "The custodial parent is the parent with whom the child resides for the greater number of nights during the calendar year", and for this purpose "a child resides with a parent for a night if the child sleeps" at the residence of that parent or in the company of that parent (when the child does not sleep at a parent's residence). The "noncustodial parent" is the parent who is not the custodial parent. Sec. 152(e)(4)(B); sec. 1.152-4(d)(1), Income Tax Regs.

Given that AS resided with Ms. Santucci-Skitzski for the greater number of nights during 2014, she is the custodial parent for that year and petitioner is the noncustodial parent.

Under section 152(e), the child of divorced parents is treated as the qualifying child or qualifying relative of the noncustodial parent (entitling that

**[\*10]** parent to claim the dependency exemption) only if[9] (1) the custodial parent signs a written declaration, in the manner and form prescribed by regulations, stating that he or she will not claim the child as a dependent for the year at issue, and (2) the noncustodial parent attaches the declaration to his or her return for that year. Sec. 152(e)(2).[10]

The written declaration must be an "unconditional release" of the custodial parent's claim to the child as a dependent. Sec. 1.152-4(e)(1)(i), Income Tax Regs. The written declaration requirement may be satisfied by attaching Form 8332 (or its successor) to the return. Id. subdiv. (ii). A written declaration not on a Form

---

[9]An additional exception entitling the noncustodial parent to claim the dependency exemption exists in the case of divorce or separation decrees or written agreements executed before January 1, 1985. See sec. 152(e)(3). That exception is inapplicable here, as none of the agreements, decrees, or orders concerning custody of AS were executed before that date.

[10]The current sec. 152(e) regulations do not explicitly allow or prohibit a written declaration to be submitted by a noncustodial parent during an examination or with an amended return. Sec. 1.152-4, Income Tax Regs. However, a proposed regulation, which a taxpayer may choose to apply with respect to any open taxable year, see 82 Fed. Reg. 6377 (Jan. 19, 2017), expressly provides that a noncustodial parent may submit a written declaration during examination or with an amended return, see sec. 1.152-5(e)(2)(i), Proposed Income Tax Regs., 82 Fed. Reg. 6387 (Jan. 19, 2017); see also DeMar v. Commissioner, T.C. Memo. 2019-91, at \*5-\*6. Petitioner did not submit any written declaration after filing his 2014 return, and in any event the provision is unavailable where, as here, the custodial parent has claimed the child as a dependent on her return for the year at issue and not filed an amended return to remove the claim. See sec. 1.152-5(e)(2)(i), Proposed Income Tax Regs., 82 Fed. Reg. 6387.

**[*11]** 8332 "must conform to the substance of that form and must be a document executed for the sole purpose of serving as a written declaration".[11]  Id.  Court orders, decrees, and separation agreements executed in a taxable year beginning after July 2, 2008, do not qualify.  Id. paras. (1)(ii), (5).  Such documents executed on or before that date may qualify if they satisfy the written declaration requirements in effect when they were executed.  Swint v. Commissioner, 142 T.C. 131, 135 (2014); sec. 1.152-4(e)(5), Income Tax Regs.

Petitioner argues that the divorce decree entitles him to the deduction for 2014.  A divorce decree addressing the dependency exemption deduction, standing alone--that is, without the custodial parent's signature on it and without being attached by the noncustodial parent to his or her return--has had no impact on a taxpayer's entitlement to the deduction since the statute was amended in 1984.  Before 1984 a State court decree of divorce could confer entitlement to the dependency exemption upon a noncustodial parent if he or she satisfied certain support thresholds for the child or children at issue.  No release by the custodial parent was required.  See sec. 152(e)(2) (1982) (repealed 1984).  The 1984

---

[11]Form 8332 requires a taxpayer to furnish (1) the name of the child for whom the exemption claim is released, (2) the year or years for which the claim is released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption.  See Miller v. Commissioner, 114 T.C. 184, 190 (2000).

**[\*12]** amendments to section 152(e) terminated the use of a divorce decree's allocation of the right to claim the dependency exemption deduction in determining divorced parents' entitlement to the exemption and substituted the requirement that the custodial parent sign a written declaration that he or she would not claim the deduction. See sec. 152(e)(2); sec. 1.152-4T, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Thus, petitioner's reliance on the divorce decree, standing alone, is misplaced, as it relies on provisions of the law that had not been effective for over 20 years when the divorce decree was entered in 2006, and for almost 30 years when he claimed the deduction on his 2014 return.[12]

Petitioner further argues that he was not aware, when he agreed to the modification of the parenting time schedule in December 2009 (providing that AS would reside with him for less than one-half of the calendar year), that "the IRS [Internal Revenue Service] would come up with a new rule to redefine who's a custodial parent." However, regulations first promulgated in 1971 made clear that where (as here) there is "split" custody the parent who has physical custody of a

---

[12]Because the divorce decree, standing alone, has no impact on petitioner's entitlement to the dependency exemption deduction for 2014, we have no occasion to address the issue of petitioner's having claimed the deduction for that year (an even year) when the divorce decree by its terms directs him to claim the deduction for odd years. For example, we do not address whether petitioner's claim that the actual course of conduct he and Ms. Santucci-Skitzski's followed after the divorce decree was for her to claim the deduction for odd years and him for even years, contrary to the terms of the decree.

**[*13]** child for the greater portion of the calendar year is the parent with custody.[13]

See sec. 1.152-4(b) and (c), Income Tax Regs., 36 Fed. Reg. 5337 (Mar. 20, 1971).

Moreover, this Court has consistently held that custody for this purpose means physical custody, determined by examining with whom the child resided for the greater portion of the calendar year. See Maher v. Commissioner, T.C. Memo. 2003-85, slip op. at 10 (citing cases supporting this conclusion as far back as 1975). Petitioner may be referring to the current version of the regulations, promulgated on July 2, 2008, but those regulations merely refine the physical custody rule by using a child's overnight stays as the measure of a parent's physical custody. See sec. 1.152-4(d), Income Tax Regs. In short, there is nothing "new" in the use of physical custody to determine which divorced parent has custody of a child.

There is no evidence that Ms. Santucci-Skitzki signed any written declaration for 2014; indeed, she claimed AS as a dependent on her 2014 return. Petitioner did not attach a Form 8332 or a similar written declaration to his 2014

---

[13]We note that the original sec. 1.152-4 regulation provides that custody is determined by first looking to the terms of the most recent State divorce decree or separation agreement. Sec. 1.152-4(b), Income Tax Regs., 36 Fed. Reg. 5337 (Mar. 20, 1971). However where, as in this case, a State divorce decree grants "split" custody--i.e., provides that both parents are the legal custodian of the child-- the original regulations provide that custody shall then be determined by examining which parent had physical custody of the child for the greater portion of the calendar year. Id.

**[\*14]** return or otherwise submit one. Thus, petitioner is not entitled to claim AS as a dependent for 2014 pursuant to section 152(e). See Seeliger v. Commissioner, T.C. Memo. 2017-175; Santana v. Commissioner, T.C. Memo. 2012-49; Espinoza v. Commissioner, T.C. Memo. 2011-108; Chamberlain v. Commissioner, T.C. Memo. 2007-178; Brissett v. Commissioner, T.C. Memo. 2003-310; Presley v. Commissioner, T.C. Memo. 1996-553.

Accordingly, AS is not petitioner's qualifying child or qualifying relative under section 152(c), (d), or (e) with respect to the 2014 taxable year, and therefore petitioner is not entitled to the dependency exemption deduction for him for 2014.

III.     Head of Household Filing Status

Section 1(b) prescribes an advantageous tax rate schedule for a taxpayer who qualifies as a "head of * * * household". Section 2(b) defines a head of household, as relevant herein, as an individual who: (1) is unmarried as of the close of the taxable year and is not a surviving spouse; and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of (a) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e)), or (b) any other person who is a dependent of the taxpayer, if the

**[*15]** taxpayer is entitled to a deduction for the taxable year for such person under section 151. See Rowe v. Commissioner, 128 T.C. 13, 16-17 (2007).

As discussed supra, AS is not petitioner's qualifying child within the meaning of section 152(c) for 2014. Nor is petitioner otherwise entitled to a dependency exemption deduction for AS under section 151 for 2014. Consequently, petitioner does not qualify for head of household filing status for the 2014 taxable year.

IV. Child Tax Credit and Additional Child Tax Credit

A taxpayer may claim a child tax credit for an individual who is his "qualifying child" as defined in section 152(c) and has not attained age 17 during the taxable year. Sec. 24(a), (c). A portion of that credit--commonly referred to as the additional child tax credit--is refundable. Sec. 24(d).

Since AS is not petitioner's qualifying child within the meaning of section 152(c) for 2014, petitioner is not entitled to either the child tax credit or the additional child tax credit for 2014.

V. Earned Income Tax Credit

Section 32(a)(1) allows an eligible individual an earned income tax credit to offset that individual's tax liability, subject to a phaseout explained in section 32(a)(2). The amount of the credit to which an eligible individual is

[*16] entitled increases if the individual has a qualifying child. Sec. 32(b), (c)(3). Again, a qualifying child for purposes of section 32 is generally defined as an individual who is the taxpayer's "qualifying child" as defined in section 152(c). Sec. 32(c)(3)(A). As discussed supra, AS is not petitioner's qualifying child within the meaning of section 152(c) for 2014.

A taxpayer without any qualifying children may be eligible for the earned income tax credit for 2014, but only if his adjusted gross income did not exceed $14,590 if not filing jointly. See sec. 32(c)(1)(A)(ii); Rev. Proc. 2013-35, sec. 3.06(1), 2013-47 I.R.B. 537, 540. Petitioner's adjusted gross income for 2014 exceeded that amount. Thus, he is not entitled to the earned income tax credit for 2014.

VI.    Conclusion

To reflect the foregoing, given that petitioner is subject to computational adjustments resulting from respondent's determinations we have sustained,

Decision will be entered under

Rule 155.