T.C. Summary Opinion 2021-26

UNITED STATES TAX COURT

CAROL DENISE GRIFFIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9875-18S.                    Filed August 16, 2021.

<u>William K. Schmidt</u>, for petitioner.

<u>Robert C. Teutsch</u> and <u>Douglas S. Polsky</u>, for respondent.

SUMMARY OPINION

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $6,464 deficiency in Federal income tax and a $1,292.80 section 6662(a) accuracy-related penalty for petitioner's 2015 tax year. After concessions,[2] the issues for decision are whether petitioner is entitled to: (1) dependency exemption deductions for her niece and nephews; (2) child tax credits (including the refundable portion thereof); and (3) the earned income tax credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. When she filed her petition, petitioner resided in Kansas.

During 2015 petitioner lived with and cared for her mother at petitioner's home. Petitioner received compensation for the care of her mother through an agency, Independent Living, which works under a contract with Kansas Senior Services.

[2] Respondent conceded before trial that petitioner is not liable for the sec. 6662(a) penalty.

For more than one-half of the year at issue, petitioner also cared for her niece and nephews: T.G., born in 2000, S.G, born in 2007, and O.G., born in 2010.[3] Their father, Thomas Griffin, was a single parent and disabled. Petitioner took care of the children throughout the year to give her brother a break and to help him out. Accordingly, T.G., S.G., and O.G. stayed overnight with petitioner from the last two weeks of May to mid-August. They also stayed overnight with petitioner during weekends, school closures, and holidays (including Thanksgiving, Christmas, and Easter). On school days and nights, they stayed overnight with their father, who lived closer to their school than petitioner did.

When T.G., S.G., and O.G. stayed overnight with petitioner, she paid for their food, home utility use, and entertainment. Moreover, the children received public assistance including free school lunches and State health benefits.

Petitioner filed an income tax return for 2015 on which she reported her wage income from Independent Living. She also claimed: (1) dependency exemption deductions for T.G., S.G., and O.G., (2) child tax credits for T.G., S.G., and O.G. (including the refundable portion thereof), and (3) the earned income tax credit.

---

[3] It is the policy of this Court not to identify minor children. We refer to them by their initials. See Rule 27(a)(3).

Respondent selected petitioner's 2015 return for examination. During the examination petitioner's brother signed and provided to respondent Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, for T.G., S.G., and O.G. However, petitioner did not attach the signed form to her 2015 income tax return. Respondent issued a notice of deficiency which disallowed the dependency exemption deductions for T.G., S.G., and O.G., the child tax credits (including the refundable portion thereof), and the earned income tax credit.

Petitioner timely petitioned this Court, and trial was held in Wichita, Kansas.

## Discussion

I.     Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability for tax and meets other prerequisites, the burden of proof rests on the Commissioner as to that factual issue. See Higbee v.

Commissioner, 116 T.C. 438, 440-441 (2001). This case is decided on the preponderance of the evidence and is not affected by the burden of proof or section 7491(a).

II.    Dependency Exemption Deduction

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152. A dependent is either a qualifying child or a qualifying relative. Sec. 152(a). The requirement is disjunctive, and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent. Seeliger v. Commissioner, T.C. Memo. 2017-175, at *4.

A qualifying child must meet the following four statutory requirements:

- Relationship.--The individual (dependent) is a child of the taxpayer, descendant of a child of the taxpayer, a brother, sister, stepbrother, or stepsister of the taxpayer, or a descendant of any such relative. Sec. 152(c)(1)(A), (2).

- Residence.--The individual has the same principal place of abode as the taxpayer for more than one-half of such taxable year. Sec. 152(c)(1)(B).

- Age.--The individual must not yet have attained the age of 19, or the individual is a student who has not yet attained the age of 24. Sec. 152(c)(1)(C), (3)(A).

- Support.--The individual has not provided over one-half of such individual's own support. Sec. 152(c)(1)(D).

Respondent concedes that the children satisfied the relationship, age, and support requirements. Thus, the pertinent factor here is the residence requirement: the individual must have the same principal place of abode as the taxpayer for more than one-half of the taxable year. See sec. 152(c)(1)(B).

Petitioner has demonstrated that all three children satisfied this requirement. Petitioner credibly testified that: (1) she took care of the children to help her disabled brother; (2) the children stayed overnight with her all summer and on weekends, school closures, and holidays during the school year; and (3) the children also stayed with her when they had to leave school early or when the school could not reach their father. Petitioner corroborated her testimony with a school calendar for the 2015-16 academic year, which confirmed that the children had at least two days off per month during the school year.[4] After observing

---

[4] The record does not include a school calendar for the 2014-15 academic year. However, petitioner credibly testified that the 2015-16 academic calendar

(continued...)

petitioner's credible testimony and reviewing the school calendar, we find it more likely than not that the children resided with petitioner for more than one-half of 2015.

Respondent conjectures that the children lived with their father for most of 2015. Seeking to discredit petitioner's testimony, respondent asserts that some school records in evidence contain inconsistencies and handwritten alterations. However, petitioner explained the inconsistencies to our satisfaction and credibly testified that the handwritten alterations were made by the school secretary.

Respondent also highlights a Form 8332 signed by petitioner's brother during the examination of petitioner's return. According to respondent, the form contains an admission that petitioner's brother was the "custodial parent" and that petitioner was the "noncustodial parent".[5] However, as respondent acknowledges, petitioner could not have been the children's "noncustodial parent" because she

---

[4](...continued)
closely resembled that for 2014-15.

[5] The term "custodial parent" means the parent having custody for the greater portion of the calendar year, and the term "noncustodial parent" means the parent who is not the custodial parent. Sec. 152(e)(4). For a noncustodial parent to claim a qualifying child as a dependent under sec. 152, (1) the custodial parent must sign a written declaration stating that he or she will not claim the child as a dependent and (2) the noncustodial parent must attach that declaration to his or her return. Sec. 152(e)(2). The necessary written declaration is commonly made on Form 8332.

was not their parent.  Without testimony from petitioner's brother, it is unclear what he meant to convey by signing the Form 8332.[6]  We therefore give the form less weight than petitioner's credible testimony.  See Diaz v. Commissioner, 58 T.C. 560, 564 (1972) (observing that the process of distilling truth from the testimony of witnesses, whose demeanor we observe and whose credibility we evaluate, "is the daily grist of judicial life").

The foregoing considered, we find that T.G., S.G., and O.G. satisfied the residency test and were qualifying children of petitioner for the year at issue.[7]  Accordingly, we conclude that petitioner is entitled to dependency exemption deductions for T.G., S.G., and O.G.

III.    Child Tax Credits and Additional Child Tax Credits

The child tax credit provides a credit to taxpayers if they have a qualifying child as defined in section 152(c) who has not attained the age of 17 during the taxable year.  Sec. 24(a), (c).  A portion of that credit--commonly referred to as the additional child tax credit--is refundable.  Sec. 24(d).

---

[6] Neither party called petitioner's brother as a witness, and respondent has not asked this Court to draw a negative inference from his absence.  We decline to do so sua sponte.

[7] Because T.G., S.G., and O.G. are qualifying children of petitioner, we need not to determine whether the children are qualifying relatives of petitioner.

We concluded supra that each of petitioner's nephews and niece was a qualifying child of petitioner for purposes of section 152(c). None of the children attained the age of 17 during 2015. Accordingly, T.G., S.G., and O.G. were qualifying children for purposes of section 24(a) and (d). Therefore, we conclude that petitioner is entitled to the child tax credits and additional child tax credits as claimed on her return.

IV.    Earned Income Tax Credit

Respondent determined that petitioner is not entitled to the earned income tax credit. Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(c)(1)(A) defines an "eligible individual" as either "any individual who has a qualifying child for the taxable year" or any individual who does not have a qualifying child and who meets the requirements of section 32(c)(1)(A)(ii). Merriweather v. Commissioner, T.C. Memo. 2002-226. The definition of "qualifying child" for purposes of section 32 is the same requirement as provided in section 152(c). Sec. 32(c)(3)(A).

While respondent concedes petitioner's entitlement to some of the earned income tax credit, he disputes her entitlement to the portion of the credit attributable to T.G., S.G., and O.G. We concluded supra that T.G., S.G., and O.G.

were qualifying children for purposes of section 152(c). Accordingly, petitioner is entitled to the earned income tax credit as claimed on her return.

In reaching our decision, we have considered all arguments made, and to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.